UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20421-CR-SEITZ

UNITED STATES OF AMERICA,

vs.

RAFAEL GUERRERO and
CALEB JOEL QUINTANA,
_____/

## ORDER DENYING ORIGINAL AND RENEWED MOTION TO SUPPRESS, OVERRULING DEFENDANT'S OBJECTIONS AND DENYING GOVERNMENT'S MOTION TO STRIKE

THIS MATTER is before the Court on the Report and Recommendation of Magistrate Judge McAliley (DE 37) to deny Defendant Guerrero's Motion to Suppress his oral and written confessions. The parties have filed two responses to the Report. First, the Government seeks to strike specific language on pages 9 thru 12 of the Report (DE 42). Second, the Defendant objects to the Report's legal conclusions that the statements were voluntary and has renewed his motion to suppress based on the post-suppression hearing actions of FBI Agent Wiegmann (DE 44). As part of its *de novo* review of the matter, the Court has reviewed the transcript of the September 27, 2007 suppression hearing, the two exhibits introduced into evidence, the Defendant's original motion, the papers the parties filed after the issuance of the Report, and the record.

Based on this review, the Court finds that the Magistrate Judge's Findings of Facts are not clearly erroneous, and in fact, they accurately summarize the testimony and proper inferences therefrom. To be clear, the Miranda form Sgt. Perez gave to the Defendant, and which he executed, was written in Spanish (TR. page 9 lines 9-11). Thus, Defendant placed his initials on the form next to the Spanish word "Si" which means "yes" and left blank the space next to "No," which means

"No" in both English and Spanish, before signing his name.[1] With this addition to the factual findings, the Court will affirm and adopt them as its own.

As to the conclusions of law, the Court finds that the Magistrate Judge applied the correct legal standard to find that, based on the evidence presented, the Defendant knowingly, voluntarily and intelligently waived his Miranda rights and both his oral and written confessions were voluntary. The Defendant, a Mexican national, speaks Spanish, but does not speak, read or write English. Before his arrest in this 10 kilo drug conspiracy, Defendant was living with his wife in Yakima, Washington. The undisputed testimony is that the Defendant, an adult male, readily and willingly cooperated. There is no evidence that he was of limited mental capacity, was intimidated, was falsely induced or that he was questioned for a protracted period of time before making his oral confession or that he was pushed into signing the Miranda waiver or the written confession. Given the absence of any evidence that either Sgt. Perez did not accurately translate what was said to the Defendant or what the Defendant said, or that the Defendant was hesitant, gave any indication that he did not understand Sgt. Perez's Spanish, was confused as to what the Miranda form was asking of him or was coerced into signing a statement of four, straightforward, uncomplicated sentences, the Court finds that the Government has met it burden to prove the Defendant knowingly, voluntarily and intelligently waived his Miranda rights and voluntarily made an oral confession and adopted the written confession.

---

[1] The Defendant placed his signature twice on the Miranda form – once where the form calls for a signature and again, where the form asks for the name to be printed. However, the Defendant had at the top of the form, printed his name and address. (TR. page 8, lines 12-20).

### Defendant's Objections and Renewed Motion

The Defendant's objections are twofold. First, the Defendant argues the whole process of receiving his Miranda warnings and making the oral confession was too quick, approximately 15 minutes, to have constituted a knowing waiver. However, there is nothing in the record that contradicts the evidence that Sgt. Perez went over the Spanish form with the Defendant, reading it aloud in Spanish, and that the Defendant understood what was being said to him. The Defendant placed his initials next to the word "Si" after each Spanish question asking if he understood what his rights were. He did not choose to place his initials next to the "No." Thus, the uncontroverted evidence in the Defendant's own hand is that he understood his rights. Moreover, in light of the totality of the circumstances, the fact that the whole process took 15 minutes, corroborates the testimony that the Defendant was cooperative and knowingly and voluntarily made his oral confession. Thus, the Court will affirm the Magistrate Judge's legal conclusions that the Defendant knowingly, voluntarily and intelligently waived his Miranda rights and that his oral confession was voluntarily made.

As to the objection regarding the written statement, the Magistrate Judge again correctly applied the law in concluding that the Defendant's written statement was voluntarily made. There is no evidence that the four sentences of the written statement incorrectly capture what the officers were told or that after the statement was translated into Spanish, that the Defendant disputed it or was at all hesitant to sign it. Nor does the agent's post-suppression hearing conduct require a new suppression hearing because it does not change the undisputed evidence that underlies the voluntariness of the written statement. The sole reason for reducing a defendant's post-arrest, uncounseled statement to writing is to have concrete corroboration of what a defendant said for use

in court where there is no tape recording that can be played to the jury. This avoids the "he said/she said" situation. Thus, given the shortness of the statement, its importance as evidence in the case, the availability of Spanish speaking officers, and the Defendant's lack of counsel, one can see why the Magistrate Judge was concerned that the seasoned lead FBI agent did not ask the Defendant either whether he wanted to write out his own statement, or whether he preferred to dictate it to one of the Spanish speaking police officers to write it out in Spanish and then read the Spanish statement aloud asking the Defendant if it was correct. Either of these approaches would not have taken much time, would have solidly documented Defendant's own words, would have eliminated a legal issue and would ultimately have saved the parties' and Court's time and resources. However, based on the evidence in this particular case, the failure to take these steps does not, as a matter of law, negate the legal conclusion that the Defendant's written statement was voluntary. Hopefully, however, examining the manner in which this statement was produced will provide a learning opportunity for future conduct so as to avoid the common sense questions the Magistrate Judge raised.

Government's Motion to Strike

The Court agrees that the Magistrate Judge's comments regarding the failure to write the Defendant's written statement in Spanish are dicta and do not impact the ultimate legal conclusion. However, the comments offer constructive feedback, illustrating potential problems which would have derailed the use of the statement if the facts had been different. Unfortunately, instead of seeing an opportunity to avoid pitfalls in the future, Agent Wiegmann has demonstrated a basic lack of understanding as to his role and correct procedures. Had Agent Wiegmann expressed whatever concerns he had to Government's counsel and solicited counsel's direction as to appropriate action, the Court might have been more favorably disposed to the Government's motion. However, for a

24 year FBI veteran to decide unilaterally to personally deliver an *ex parte* letter (DE 36) to the Magistrate Judge expressing his dissatisfaction with her Report and Recommendation raises issues, separate and apart from this case, that cannot be ignored for either the agent's or agency's sake or for the proper administration of justice. Thus, the Court will deny the motion because there is nothing in the record that evidences that the agent's poor judgment and lack of understanding of his role in the administration of justice has been corrected.

For the reasons stated above, it is

ORDERED as follows:

1. The Report and Recommendation of Magistrate Judge McAliley (DE 37) is RATIFIED, AFFIRMED, and the Findings of Fact are adopted as part of this Order of the District Court.

2. Defendant Guerrero's Motion to Suppress (DE 26) is DENIED.

3. Defendant Guerrero's Renewed Motion to Suppress (DE 44) is DENIED.

4. The Government's Motion to Strike (DE 42) is DENIED.

DONE AND ORDERED in Miami, Florida, this 16 day of October, 2007.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
The Honorable Chris M. McAliley
Counsel of Record
R. Alexander Acosta, United States Attorney, Southern District of Florida
Jonathan Solomon, FBI Special Agent in Charge, Southern District of Florida